# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-08-00314-CR

**Rodney Bryant Carnes, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR-07-180, HONORABLE WILLIAM HENRY, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

After his motion to suppress evidence was overruled, appellant Rodney Bryant Carnes pleaded guilty to possessing more than four grams of cocaine. *See* Tex. Health & Safety Code Ann. § 481.115(a), (d) (West 2003). The district court adjudged appellant guilty and assessed punishment at five years' imprisonment. Appellant's sole issue on appeal is that the court erred by overruling the motion to suppress. We will affirm the conviction.

Deputy Ryan Gonzales testified that he was on routine patrol when, at 1:15 a.m. on December 21, 2006, he observed a pickup truck stopped beside highway 290 in rural Hays County.[1] According to Gonzales, the truck was sitting inside a fence line and about twenty feet of the fence appeared to have been knocked down. Gonzales said he was "unsure if it was a minor accident or

---

[1] We spell Gonzales's name as it appears in the reporter's record. In the State's brief, the deputy is identified as Ryan Gonzalez.

a motorist assist." The deputy parked his patrol car about fifteen feet behind the pickup, which he could see was occupied. The sole occupant of the truck, who was identified as appellant, got out of the truck and disregarded Gonzales's instruction to return to the vehicle. Gonzales spoke to appellant as they stood behind appellant's truck. Appellant told Gonzales that he was out of gas and that a friend was on his way to help him. When Gonzales asked appellant for identification, appellant told him that he did not have it on him. Gonzales then asked for and received appellant's name and birth date. Gonzales explained that he intended to run a check to confirm appellant's identity and to determine if he was licensed to drive.

Gonzales and appellant returned to their respective vehicles while the deputy ran the license check. Gonzales was advised that appellant "had an extensive history for narcotics and assault on a public servant." After learning this, Gonzales walked back to the passenger side of appellant' truck. The officer testified, "When I attempted to make contact with him the second time I observed what appeared to be [based on his training and experience] a glass pipe, possible crack pipe in the passenger seat in the front of the vehicle." Gonzales advised the dispatcher that he had probable cause for a search and asked for a backup unit.

When the second officer arrived, Gonzales asked appellant to step out of the truck. While the second officer watched appellant, Gonzales searched the truck and found another apparent glass crack pipe and some rolling papers. Gonzales then frisked appellant, felt an object in his front pocket, and asked what the object was. Appellant told him that it was a crack pipe. Gonzales continued the frisk and felt a lump in another pocket. Appellant told Gonzales that he did not know what this object was. At the deputy's request, appellant withdrew this object from his pocket; it was

a small plastic bag containing a white powder substance that Gonzales believed was cocaine. After a brief scuffle, appellant was then placed under arrest.

At the conclusion of Gonzales's testimony, the prosecutor argued that "it's pretty clear that Deputy Gonzales was exercising his community caretaking function," and that subsequent events warranted the search of appellant's truck and person. Defense counsel disputed the State's assertion that this was a community caretaking case, arguing that the officer was clearly looking for evidence of criminal behavior when he ran the license check. Counsel argued, "You can't have it both ways. You can't stop someone to assist them and immediately run their driver's license." The court overruled the motion to suppress without making findings of fact or conclusions of law.

There was a recess following the trial court's ruling, after which the court granted a defense motion to permit appellant to testify. Appellant testified that he was on his way from Austin to Kerrville when he ran out of gas. He said that he "pull[ed] up into a driveway, going into a pasture." According to appellant, he was talking on his cell phone when Gonzales arrived, and he remained in the truck as Gonzales ordered. Appellant said that he gave the officer both his driver's license and proof of insurance. Appellant admitted that he was in possession of the cocaine and pipes, but he denied that any of this contraband was in plain view. Appellant said that when the deputy asked him if he had ever been in trouble, appellant told him that he had been to prison for possession of controlled substances. Appellant testified that Gonzales then ordered him out of the truck and searched the vehicle. During cross-examination, appellant acknowledged that he "[has] seizures at times" and that he had a seizure that night, although it is not clear whether this seizure

3

happened before or after he was arrested.  Following appellant's testimony, the court announced that its earlier ruling stood.

A trial court's ruling on a motion to suppress is reviewed for an abuse of discretion. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006).  This means that the ruling will be upheld if it is reasonably supported by the record and is correct under any applicable legal theory. *Id*.  The trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.  *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  We give the trial court almost complete deference in determining historical facts, but we review de novo the trial court's application of the law to those facts.  *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  If the trial court does not make explicit findings of fact, we review the evidence in the light most favorable to the court's ruling and assume that the court made findings that are supported by the record and buttress its conclusion.  *Id*. at 327-28.  Insofar as appellant's testimony at the suppression hearing differed from Gonzales's and placed appellant in a more favorable light, we must assume that the trial court believed the officer and disbelieved appellant.  *See id*.

Appellant acknowledges that a police officer may stop and assist a person if the officer reasonably believes that the person is in need of assistance.  *See Corbin v. State*, 85 S.W.3d 272, 276 (Tex. Crim. App. 2002).  But appellant urges that Gonzales had no reasonable basis for believing that he was in distress or otherwise needed the officer's assistance.  Appellant points out that he was not intoxicated, was parked well away from the road, and told the officer that he had help on the way.  Appellant also notes that during cross-examination, Gonzales answered affirmatively

4

when asked, "[C]hecking to see if he has a valid driver's license to drive is looking for criminal activity, right?" Appellant argues that this demonstrates that the deputy was not primarily motivated by his community caretaking function. *See id.* at 277.

Not all encounters with the police implicate the Fourth Amendment protection against unreasonable seizures. *Id.* at 276. A police officer needs no constitutional justification to approach a person in a public place to ask questions, request identification, or request consent to search, provided that the officer does not convey the message that compliance with the officer's request is required. *Florida v. Bostick*, 501 U.S. 429, 434-35 (1991). To determine whether an encounter between a police officer and a citizen rises to the level of a seizure, the inquiry is whether, taking into account all of the circumstances, the police conduct would have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business. *State v. Garcia-Cantu*, 253 S.W.3d 236, 242 (Tex. Crim. App. 2008).

Appellant does not identify the moment at which he was allegedly detained or seized. Appellant was already stopped at the side of the highway when he came to Gonzales's attention. The deputy stopped his patrol car fifteen feet behind appellant's pickup truck, and we assume that the patrol car's lights were illuminating appellant's vehicle. Considering the circumstances, the officer's conduct up to this point was not unreasonable and did not constitute a seizure of appellant. *See Franks v. State*, 241 S.W.3d 135, 142 (Tex. App.—Austin 2007, pet. ref'd). Gonzales testified that he instructed appellant to remain in his vehicle, but appellant disregarded this order. *See California v. Hodari D.*, 499 U.S. 621, 625-26 (1991) (constitutional seizure occurs when person yields to officer's show of authority); *Johnson v. State*, 912 S.W.2d 227, 236 (Tex. Crim. App. 1995) (same).

5

Gonzales then got out of his vehicle and spoke to appellant as the two men stood behind appellant's truck. Once again, the officer's conduct was reasonable under the circumstances and did not constitute a detention.

After speaking to appellant and hearing his explanation for how he came to be where he was, Gonzales asked appellant for his identification. From appellant's emphasis on this fact in his brief, we infer that appellant believes that the request for identification transformed the encounter into a detention for which reasonable suspicion was required. However, an officer's request to see and examine a driver's license, without more, does not constitute a seizure of the person. *See Royer*, 401 U.S. at 501. Appellant's failure to have his driver's license with him was itself an offense and warranted Gonzales in running a license check to determine whether appellant had a valid license to drive. *See* Tex. Transp. Code Ann. § 521.021 (West 2007), § 521.025 (West Supp. 2008). If and to the extent that appellant was detained while Gonzales waited for the results of the license check, the detention was justified by a reasonable suspicion that appellant was guilty of driving without a license. Appellant does not challenge the officer's subsequent actions.

Appellant's sole issue is overruled, and the judgment of conviction is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Puryear and Pemberton

Affirmed

Filed: December 31, 2008

Do Not Publish

6